UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES MILSTEAD,

    Petitioner,

vs                                          Case No: 07-15332
                                             Honorable Victoria A. Roberts

JERI-ANN SHERRY, WARDEN,

    Respondent.

_____/

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Petitioner's Renewed Motion for Bond Pending Consideration of *Habeas Corpus* Petition filed November 12, 2008. The Court **DENIES** the Motion.

### II. BACKGROUND

Petitioner Charles Milstead is a state inmate incarcerated at Ryan Correctional Facility in Detroit, Michigan. Raymond Booker is the warden. Milstead filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254 on December 13, 2007. The habeas petition challenges Petitioner's state conviction for conspiracy to commit first degree premeditated murder and conspiracy to obstruct justice. He was sentenced to concurrent terms of parolable life and one to five years, respectively. Petitioner raises two issues for habeas review: (1) ineffective assistance of trial counsel; and (2) ineffective assistance of appellate counsel.

1

On the same day Petitioner filed his writ, he filed a Motion for Bond Pending the Consideration of this Petition.  Respondents filed Opposition to Petitioner's Motion for Bond on April 14, 2008.  On April 25, 2008 this Court denied Petitioner's Motion for Bond without prejudice and stated that "petitioner [was] free to raise that issue again in the context of and after the Court has addressed the merits of the habeas petition." (Transcript of April 25, 2008 hearing pg. 15, lines 12-14).

On July 16, 2008, Respondents answered the habeas Petition.  Petitioner replied on September 22, 2008.  On November 12, 2008, he filed this bond motion.

Petitioner re-alleges the substance of his original motion for bond.  He argues ineffective assistance of both trial and appellate counsel and that he could not have participated in the alleged conspiracy because one cannot conspire with a government agent.  Consequently, Petitioner says he unjustly served eight years in prison as an innocent man.  Further, Milstead argues that he is a model prisoner who does not pose a flight risk and is not a danger to the community.  Milstead requests personal bond pending the Court's decision on his habeas Petition.

Respondent did not respond to this motion.  However, in Respondent's April 14, 2008 Response to Petitioner's original Motion for Bond, Respondent argued that the Motion should be denied because Petitioner is procedurally defaulted from raising an ineffective assistance of counsel claim since it was not raised in his appeal of right. Respondent further argued that Petitioner's claim that he is actually innocent of the conspiracy charges is without merit, given that the Court of Appeals made a finding of fact that Milstead was engaged in a conspiracy before the involvement of a government agent.  Furthermore, Respondent claimed that Petitioner cannot show any exceptional

2

circumstances that warrant bail for a defendant in prison for conspiring to murder a witness. Respondent asks the Court to deny Petitioner's request for bond and further states that it opposes "any request for discovery, evidentiary hearings, oral argument, or other relief." [Doc. 10]

**III. STANDARD OF REVIEW**

To receive bond pending a decision on the merits of a habeas petition, a petitioner must not only show a substantial claim of law based on the facts, but also the existence of exceptional circumstances "deserving of special treatment in the interest of justice." *Dotson v. Clark,* 900 F.2d 77, 79 (6th Cir.1990); *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir.1993). There will be few occasions that a habeas petitioner meets this standard. *Dotson,* 900 F.2d at 79.

**IV. CASE LAW AND ANALYSIS**

Petitioner does not present an exceptional circumstance justifying release on bond. Accordingly, the Court need not address Petitioner's substantial claim of law argument.

Exceptional circumstances justifying release on bond pending a decision in a habeas case have been limited to situations where: (1) the prisoner was gravely ill; or (2) the prisoner committed a minor crime and is serving a short sentence, which is near completion. *Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.1992); *Puertas v. Overton,* 272 F.Supp.2d 621, 628-32 (E.D. Mich. 2003) (finding exceptional circumstances where a seventy-six year old petitioner suffered from severe coronary artery disease and bladder cancer)*.* "Since a habeas petitioner is appealing a

presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee,* 989 F.2d at 871.

When this Court heard Petitioner's original Motion for Bond on April 25, 2008, it found that even if Petitioner was able to establish a substantial legal claim, he would be unable to establish exceptional circumstances warranting bond. Both are required.

Petitioner has not shown the existence of such a circumstance. Although Petitioner argues that: (1) he will appear in court for future hearing appearances; (2) he will abide by the conditions of bail; (3) he does not pose a threat to the community; (4) he is not a flight risk; (5) there are substantial grounds for appeal; and (6) to grant bond would be a proper administration of justice, these are not the factors that establish exceptional circumstances under federal law. *Landano,* 970 F.2d at 1239; *Calley v. Callaway,* 496 F.2d 701, 702 n.1 (5th Cir.1974); *Villa v. Straub*, 2005 WL 1875091, *1 (W.D. Mich. Aug. 5, 2005); *see Bergmann v. McCaughtry,* 857 F.Supp. 640, 641 (E.D. Wisc. 1994) (concluding that a willingness to abide by the terms of bail if released does not support a claim for release on bail.)

Petitioner presented no evidence that he is gravely ill. Additionally, Petitioner cannot argue that he committed a minor crime and is serving a short sentence which is near completion. He is serving a parolable life sentence for conspiracy to commit first degree premeditated murder. Although Petitioner argues that conspiracy to commit first degree murder is not a crime of violence under *People v. Fleish*, 321 Mich. 457 (1948), the Court sides with the Respondent who emphasized that simply because the conspiracy was not permitted to proceed to completion does not mean the crime is non-

violent.  Finally, Petitioner has not presented new facts pertinent to this issue since the Court denied his Motion for Bond in April 2008.  Accordingly, the Court cannot find that Petitioner established exceptional circumstances justifying his release on bond.

## V.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Renewed Motion for Bond Pending Consideration of *Habeas Corpus* Petition.

**IT IS ORDERED.**

                       /s/ Victoria A. Roberts
                       Victoria A. Roberts
                       United States District Judge

Dated:  March 19, 2009

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 19, 2009.
>
> s/Linda Vertriest
> Deputy Clerk